MJL:ALB
F.#2003R00654

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

    - against -

RICHARD THOMAS HUBBARD,
    also known as "Rick Thomas
    Hubbard," "Richard
    Hubbard," "Rick Hubbard" and
    "Rick T. Hubbard," and
CHRISTINE V. BLUMENAUER,

             Defendants.

- - - - - - - - - - - - - - - X

SEALED AFFIDAVIT IN
SUPPORT OF ARREST
WARRANTS

M. No. **M 06-1072**
(T. 18, U.S.C., §§
152(3), 505 and 3551 et
seq.)

EASTERN DISTRICT OF NEW YORK, SS.:

      WILLIAM HANSEN, being duly sworn, deposes and says that
he is a Special Agent with the Federal Bureau of Investigation
(hereinafter referred to as the "FBI"), duly appointed according
to law and acting as such.

      In or about and between July 17, 2001 and December 6,
2001, both dates being approximate and inclusive, within the
Eastern District of New York and elsewhere, the defendant RICHARD
THOMAS HUBBARD, also known as "Rick Thomas Hubbard," "Richard
Hubbard," "Rick Hubbard" and "Rick T. Hubbard," did knowingly and
fraudulently make a false declaration and statement under penalty
of perjury as permitted under Section 1746 of Title 28, in and in
relation to a case under Title 11 of the United States Code.

      (Title 18, United States Code, Sections 152(3) and 3551

et seq.)

On or about January 30, 2003, within the Eastern District of New York and elsewhere, the defendant CHRISTINE V. BLUMENAUER did knowingly and intentionally forge the signature of a judge of a court of the United States, to wit: Judge Melanie L. Cyganowski of the United States Bankruptcy Court for the Eastern District of New York, for the purpose of authenticating said document, to wit: a purported judicial order restoring a Chapter 13 bankruptcy petition.

(Title 18, United States Code, Sections 505, 2 and 3551 et seq.)

The source of my information and the grounds for my belief are as follows:[1]

1.   I have been a Special Agent for approximately 28 years and have been assigned to investigate white collar crimes for approximately 10 years.  I am also an accountant and have extensive knowledge in the area of financial crimes.

2.   I am familiar with the facts and circumstances of the instant case based on first-hand observations during the investigation, my review of records and documentary evidence obtained during the course of this investigation and discussions

---

[1]   Because the purpose of this affidavit is merely to establish probable cause to arrest, I have not set forth all of the facts and circumstances concerning this investigation of which I am aware.

with other law enforcement agents.

## INTRODUCTION

At all times relevant to this affidavit, unless otherwise indicated:

### The United States Bankruptcy Laws

3.   The United States Bankruptcy Code (Title 11 of the United States Code) provided persons who were unable to pay their obligations to their creditors with the opportunity to either reorganize and repay their debts while retaining their personal and real property, or to liquidate their assets through a bankruptcy trustee.

4.   A federal bankruptcy case was initiated by the filing of a bankruptcy petition in a United States Bankruptcy Court.  A person who filed a bankruptcy petition was called a "debtor."  The bankruptcy petition required debtor's to disclose certain information, including the debtor's name, social security number, all other names used by the debtor during the previous six years, the debtor's gross income and sources of income from the beginning of the calender year to the date of the filing of the petition, all liabilities and debts owed to creditors by the debtor and a listing of all bankruptcy petitions filed in the last six years.  The bankruptcy petition required debtors to "declare under penalty of perjury that the information provided in this petition is true and correct."

5.   The filing of a bankruptcy petition automatically stayed all collection activities by creditors and legal proceedings, such as foreclosure lawsuits and auctions.  The filing of the bankruptcy petition and accompanying creditor matrix caused the Clerk of the United States Bankruptcy Court to mail a notice of the automatic stay to the debtor's creditors.

6.   In addition to the bankruptcy petition, the debtor was required to file, among other documents, Bankruptcy Schedules and a Statement of Financial Affairs.

7.   A debtor who filed a bankruptcy petition pursuant to Chapter 13 of Title 11 of the United States Code was required to propose a Plan of Reorganization to repay the debtor's creditors a total amount of funds that was at least equal to the amount of funds the creditors would have received if the debtor's assets were liquidated on the date of the filing of the bankruptcy petition.  The debtor was required to have sufficient current income to fund payments under a proposed Plan of Reorganization and to meet the debtor's current financial obligations.

8.   A debtor who filed a bankruptcy petition pursuant to Chapter 7 of Title 11 of the United States Code was not required to propose a Plan of Reorganization, but rather submitted to a liquidation of their assets as a means of repaying their creditors.

9.   Upon the filing of a Chapter 7 or 13 bankruptcy petition, a United States Bankruptcy Court appointed a Trustee to administer the debtor's federal bankruptcy case.

### The July 17, 2001 Bankruptcy Petition

10.   On July 17, 2001, the defendant RICHARD THOMAS HUBBARD, also known as "Rick Thomas Hubbard," "Richard Hubbard," "Rick Hubbard" and "Rick T. Hubbard," filed a Chapter 13 bankruptcy petition in the Eastern District of New York, Case Number 8-01-85570-mlc (the "July 17, 2001 Petition"), using the name "Richard Hubbard" and an invalid Social Security number 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.   HUBBARD's true Social Security number was 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.

11.   On September 6, 2001, the Honorable Melanie L. Cyganowski, United States Bankruptcy Judge for the Eastern District of New York, dismissed the July 17, 2001 Petition because of HUBBARDS's failure to file the required Schedules, Statement of Financial Affairs and Plan of Reorganization.

### The December 6, 2001 Bankruptcy Petition

12.   On December 6, 2001, HUBBARD filed a second Chapter 13 bankruptcy petition in the Eastern District of New York, Central Islip, Case Number 8-01-88826-mlc (the "December 6, 2001 Petition"), using the name "Rick Hubbard" and an invalid Social Security number 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, rather than his true Social Security number 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.   As a result of this filing, another automatic stay was issued for the rescheduled foreclosure sale of

6

24 Shore Lane.  The December 6, 2001 Petition, in which HUBBARD declared under penalty of perjury that the information provided in the petition was true and correct, HUBBARD failed to list the previously dismissed July 17, 2001 Petition.

13.  Subsequent to the filing of the December 6, 2001 Petition, HUBBARD failed to file the required Schedules and Statement of Financial Affairs, prepare or file a Plan of Reorganization, or attend a required creditors' meeting.

14.  On February 7, 2002, the Honorable Melanie L. Cyganowski, United States Bankruptcy Judge for the Eastern District of New York, dismissed the December 6, 2001 Petition because of HUBBARDS's failure to file the required Schedules, Statement of Financial Affairs and Plan of Reorganization.

<u>The September 17, 2002 Bankruptcy Petition</u>

15.  On September 17, 2002, the defendant CHRISTINE V. BLUMENAUER filed a Chapter 13 bankruptcy petition in the Eastern District of New York, Central Islip, case number 02-86623 (the "September 17, 2002 Petition"), using her true name and Social Security number.

16.  Subsequent to the filing of the September 17, 2002 Petition, defendant BLUMENAUER failed to file the required Schedules and Statement of Financial Affairs, prepare or file a Plan of Reorganization, or attend a required creditors' meeting.

17.  On December 16, 2002, the Honorable Dorothy

7

Eisenberg, United States Bankruptcy Judge for the Eastern District of New York, dismissed the September 17, 2002 Petition because of HUBBARDS's failure to file the required Schedules, Statement of Financial Affairs and Plan of Reorganization.

18.   Following the dismissal of the September 17, 2002 Petition, pursuant to a collection action, the law firm of Upton, Cohen and Slamowitz (the "Upton law firm"), representing a creditor to whom BLUMENAUER owed monies, placed a restraint on an account belonging to BLUMENAUER at Bethpage Federal Credit Union.

19.   On or about January 30, 2003, BLUMENAUER sent via facsimile to the Upton law firm, a false and fraudulent judicial order, containing the forged signature of United States Bankruptcy Judge Melanie L. Cyganowski, dated January 20, 2003. The Order purported to restore BLUMENAUER's September 17, 2002 Petition and the corresponding automatic stay relating to collections and foreclosures.  This purported judicial order was preceeded by a fax cover sheet, signed by BLUMENAUER, in which BLUMENAUER asked that the restraining notice be removed from her bank account.  A copy of the purported order and fax cover sheet are attached as Attachment A.

WHEREFORE, I respectfully request that arrest warrants be issued and that the defendants RICHARD THOMAS HUBBARD, also known as "Rick Thomas Hubbard," "Richard Hubbard," "Rick Hubbard" and "Rick T. Hubbard," and CHRISTINE V. BLUMENAUER be dealt with

8

according to law.

Because this is an ongoing investigation, Your Affiant
respectfully requests that this Affidavit, and the accompanying
arrest warrants, be filed under seal.

_____
WILLIAM HANSEN
Special Agent - FBI

Sworn to before me the
____ ____ of Octo___ ___, 2006

_____
THE HONORABLE ARLENE R. ___
UNITED STATES MAGISTRATE ___E
EASTERN DISTRICT OF NEW YORK

**onfirmation Report~Memory Send**

```
                                    Page       : 001
                                    Date & Time: Jan-30-2003  13:06
                                    Line 1     : 2124306311
                                    Machine ID : Ringler
```

| | | |
|---|---|---|
| Job number | : | 238 |
| Date | : | Jan-30 13:05 |
| To | : | ☎915163646067 |
| Number of pages | : | 002 |
| Start time | : | Jan-30 13:05 |
| End time | : | Jan-30 13:06 |
| Pages sent | : | 002 |
| Status | : | OK |
| Job number    : 238 | | *** SEND SUCCESSFUL *** |

# CHRISTINE V. BLUMENAUER

(631) 433-5914

To: Tiffany Phillips
Via Facimile (516) 364-6067

Dear Ms. Phillips:

Attached please find a certificate of commencement of my bankruptcy action. Under Chapter 13 Rules, filing bankruptcy stays all action any creditors may have against me.

As such, I ask that the Restraining notice sent my bank be immediately removed from my account.

Providian was notified of the filing, however as I was unaware that there was an attorney of record for them, the papers will now be amended to include your office.

There is date on the bankruptcy of February 27, however, I would welcome the opportunity to enter into an agreeable payment plan prior to that date.

Thank you for your attention to this matter.

Christine Blumenauer

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------x

In re:

CHRISTINE V. BLUMENAUER

Debtor.
----------------------------------------------------x

Case No. 02-86623

N092752

**ORDER TO RESTORE**
**CHAPTER 13**

On the motion of Debtor, Christine V. Blumenauer,   the Court hereby finds the (a) the debtor intends to file a plans under the above noted Chapter 13 filing; (b) sufficient cause exists why this plan was not filed within 15 days of filing; (c) that the Debtor has or will be retaining counsel to represent Debtor at the Court hearing, set for February 27, 2003, it is

ORDERED that the above entitled case is restored to the Court's calendar, pursuant to Title 11 U.S.C. Sections 105, 1307 and 1321 and Federal Rules of Bankruptcy Procedure 1007 and 3015; and it is further

ORDERED that the automatic stay in place as of this date, until further Order of this Court, and it is further

ORDERED that if Debtor fails to appear at said hearing this Court will immediately dismiss this case.

MELANIE L. CYGANOWSKI
United States Bankruptcy Judge

DATED:   Central Islip, New York
January 20 2003